ELLA S. BETZ, Respondent, v. THE KANSAS CITY HOME TELEPHONE COMPANY, Appellant.

Kansas City Court of Appeals, October 1 and November 5, 1906.

1. **TRESPASS: Cutting Shade Trees: Petition: Ownership of Street.** A petition by the abutting property owner for the cutting of shade trees in front of his lot, need not allege the plaintiff's ownership of an interest in the street, since it is generally understood that the abutting owner owns the fee to the center of the street; and in Missouri, by universal custom the purchaser of lots from a town proprietor takes title to the center of the street.

2. **———: ———: Instruction: Definition: Unlawful: Telephone Company.** Neither a city or its licensee, a telephone company, has any right to cut the abutting property owner's trees unless there is a necessity and it is unnecesary to define the term unlawful in an instruction where the issue is, Did the defendant cut the trees, since such word in the instruction is surplusage.

3. **———: ———: Pleading: Unlawful: Negligence.** Where a shade tree is unlawfully cut and injured, it is immaterial whether the cutting was negligently done or not; but where it is lawfully done and an injury results from a negligent manner, an action arises and the answer and reply mentioned in the opinion are held to be equally bad, and under an action that denies the cutting, the defendant will not be permitted to justify on the plea of necessity.

Appeal from the Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*Ward, Hadley & Neal* for appellant.

(1)   The trial court erred in overruling the defendant's objection to plaintiff's petition for the reason that the same did not state facts sufficient to constitute a cause of action.   Telegraph Co. v. Kreuger, 30 Ind. App., 28.   (2)   Plaintiff's reply in this case was wholly insufficient in law and defendant's allegations in its second defense set out in its answer, stand admitted. Young v. Schofield, 132 Mo. 650; Building Association v. Telephone Co., 88 Mo. 258; St. Louis v. Telephone Co., 96 Mo. 623; Telephone Co. v. Constantine, 69 Fed. Rep. 61; Dodd v. Traction Co., 57 N. J. L. 482; Telephone Co. v. Frances & Allen, 109 Ala. 224.   (3)   The trial court erred in giving instruction numbered "1," on behalf of plaintiff, as follows:   Woods v. Campbell, 110 Mo. 572; Jordan v. Moulding Co., 72 Mo. App. 325; People v. Byrnes, 30 Cal. —; Atkinson v. Railroad, 63 Mo. 367; a verdict for plaintiff on a cause of action not stated in her petition, and was therefore, erroneous.   Gas Light Co. v. Mercer, 48 Mo. App. 644; Glass v. Gelvin, 80 Mo. 297; Waldhier v. Railroad, 71 Mo. 514.

*Burnham & Brewster* for respondent.

(1)   The first point made by appellant is that the trial court erred in overruling defendant's objection to · plaintiff's petition, for the reason that the same did not state facts sufficient to constitute a cause of action. Telegraph Co. v. Kruger, 30 Ind. App. 28; Restetsky v. Railroad, 106 Mo. App. 382.   (2)   The second point made by appellant cannot be sustained.   Plaintiff alleged her tree was damaged.   Defendant answering, said, "We were a telephone company.   We were authorized by law to construct a telephone line in front of plaintiff's house, and to plant our poles in that street, and if it is true that we cut plaintiff's tree, it was neces-

sary to do so in constructing our line." (3) Appellant makes the point that the word, "unlawfully" as used in this instruction should have been explained or defined, and that the court's failure so to do was error. Priesmeyer v. Transit Co., 77 S. W. 313; Price v. Printing Co., 182 Mass. 262; Telegraph Co. v. James, 73 S. W. 79; Fearey v. O'Neill, 149 Mo. 467; Brown v. St. Louis Mo. Co., 83 S. W. 310; Gaston v. Johnson, 80 S. W. 276; Taylor v. Houston, 80 S. W. 260; Railroad v. Investment Co., 119 Ga. 513.

BROADDUS, P. J.—The plaintiff's suit is for damages for the alleged wrongful act of defendant in destroying a certain shade tree growing in front of her property. She alleges in her petition that she is the owner of a certain lot of ground fronting on Walnut street in Kansas City, Missouri; that she had shade trees planted immediately in front of said lot along the sidewalk of the street, to give shade and beauty to her said property thereby to make her home more comfortable; and that defendant in May, 1904, unlawfully cut off the top of one of said trees, and did the same in such a careless and negligent manner as to cause it to die, to her damage of the sum of $300. The defendant in its answer made a general denial to the statements of plaintiff's petition, and that under the law it had the right to erect poles and wires in front of plaintiff's property; and that if the top of plaintiff's tree was cut as alleged, it was reasonably necessary to be done in the erection and construction of its telephone system.

The plaintiff for reply denies each and every allegation of new matter contained in said answer.

The defendant at the trial objected to the introduction of any evidence on the ground that plaintiff's petition did not state facts constituting a cause of action, which was overruled by the court.

Plaintiff's evidence tended to prove that she owned the lot mentioned; that Walnut street in front of her property was a public street; that there was a sidewalk and curb in said street and a grass plot between said sidewalk and curb; that between said sidewalk and curb there was a poplar tree; that in May, 1904, defendant's employees, who had strung telephone wires to poles which they had set on and along Walnut street, in front of plaintiff's property, cut off the top of said poplar tree about twenty feet from the ground, which caused its death; that the value of her property prior to the cutting of said tree was $3,000, and that its value after the cutting of said tree was $2,700 or $2,750. The defendant's evidence showed that the poles were put up and the wires strung before the tree was cut. It tends to show that the tree was not cut by defendant's employees, but by the city forester. The verdict and judgment were for the plaintiff and defendant appealed.

The first insistence of defendant is that the court erred in not sustaining its objection to the introduction of any evidence under the allegations of the petition. The objection is founded upon the failure of the petition to allege that plaintiff owned any interest in the street. In Western Union Telegraph Co. v. Krueger, 30 Ind. App. 28, a complaint against the defendant for injury to trees, alleging that they were wrongfully cut by defendant, without stating that plaintiff had any rights on the highway other than that of egress and ingress was held insufficient. But in Restetsky v. Railroad, 106 Mo. App. 382, it is held: "When lots abutting on a platted street are sold, the purchaser takes title to the center of the street unless a different intention appears." It is generally understood that the owners of lots abutting on a public street in a town or city in this State, are the owners of the fee to the middle of the street. It is the almost universal custom in this State to lay out cities and towns into lots and streets, the proprietors reserv-

ing the latter to the use of the public. In such cases the lots abutting on a street when sold, the purchaser takes title to the center of the street. [Elliott on Roads and Streets, sec. 722, and authorities cited.] Under the weight of authorities the presumption is, that plaintiff was the owner of the fee to the center of the street, nothing appearing to the contrary.

Objection is made to instruction numbered one, given on behalf of plaintiff. It is as follows: "The jury are instructed that if you find and believe from the evidence that, on or about the —— day of May, 1904, the plaintiff was the owner of (described the lot), and that there was a tree along the sidewalk and in front of said property, and belonging to the plaintiff, and that the defendant unlawfully cut off the top of said tree and caused the death of said tree, and that the market value of said property was depreciated by the death of said tree then your verdict should be for the plaintiff." Ordinarily the term unlawful in the sense in which it was used should have been defined, so that the jury might be able to determine whether the act complained of would entitle the plaintiff to recover. But it could make no difference under the facts in evidence. It was shown that the poles and wire was put up without disturbing the tree in any manner, and that it was not cut until at least a month or two afterwards. There was not a particle of evidence tending to show that there was any necessity for the act. In fact it was denied that defendant cut it, yet the verdict of the jury was that it did, which is conclusive on that question. Neither the city, nor the defendant which derived its authority to establish the telephone line, had any right to cut plaintiff's tree unless there existed a necessity for the act. All the authorities agree as to that [Lewis on Eminent Domain, 132a.] In the absence of evidence that there was necessity for cutting plaintiff's shade tree, the presumption is that the act was unlawful. The word unlawful

under the circumstances may be treated as surplusage. The only issue before the jury therefore was, did the defendant cut plaintiff's tree?

The petition not only charges that defendant unlawfully cut the tree, but that the act was done in such a careless manner as to cause its death. The latter allegation is immaterial and superfluous if the act of cutting the tree was unlawful. If the act had been lawful then the manner in which it had been done would be material. In the latter instance the right to recover would be predicated upon the negligent manner of doing a lawful act.

The further contention is that the court committed error in refusing to sustain defendant's motion to enter judgment in its favor on the face of the pleadings. This contention grows out of the alleged failure of plaintiff in her reply to deny that the allegation of the defendant's answer that if the top of her tree was cut, "as alleged in the plaintiff's petition, it was done because it was reasonably necessary to do so in the erection, construction and extension of defendant's telephone system, pursuant to the terms of said ordinance or franchise." The reply only denies the new matter set out in the answer without specifying what new matter is referred to. Pleadings of this character are held to be insufficient. [Young v. Schofield, 132 Mo. 650; Snydor v. Free, 114 Mo. 1. c. 367.] But there was no necessity for plaintiff to make reply to said answer. There is nothing in the defendant's charter that authorized it to unlawfully cut trees in the streets fronting abutting property-owners. And besides the answer does not allege that the tree was cut because it became necessary to do so in order that defendant might construct and operate its telephone system, but only that if it was cut it was done because it was necessary. The answer is equally as bad as the reply. The defendant will not be permitted to

Insurance Co. v. Kansas City Bank.

answer that it did not do the cutting and then justify on the plea that if it did, it became necessary.

We find no error in the record. Affirmed. All concur.