WIGGINS, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 3, 1908.

RAILROADS: Fires: Measure of Damages: Evidence. In an action against a railroad company for damages caused to plaintiff by the destruction of his meadow by fire set by the defendant's engine, the measure of damages was the difference between the value of the premises before the fire and after it, and it was proper as throwing light on such values to admit testimony regarding the amount of hay that could be produced on the land prior to the fire, the color of the soil and the price of hay.

Appeal from Wayne Circuit Court.—*Hon. Joseph J. Williams,* Judge.

AFFIRMED.

*L. F. Parker, W. F. Evans* and *James Orchard* for appellant.

*V. V. Ing* for respondent.

GOODE, J.—This is an action to recover damages for the burning of a meadow of timothy and a fence. The fire was set by a locomotive of the defendant. The case was here on a former appeal and was reversed chiefly on account of an error in the instruction on

the measure of damages. The court then ruled that the true measure of damages for the destruction of the meadow was the difference between the value of the premises or land before the fire and after it. The evidence showed the injury was to the inheritance; the grass roots were burned so that the meadow was destroyed. [Wiggins v. Railroad, 119 Mo. App. 492, 95 S. W. 311.] On the retrial the court instructed the jury in accordance with the decision on the former appeal, and tried the case with the view to ascertain the amount of damage done to the premises. On the present appeal the defendant complains of the admission of testimony regarding the amount of hay that could be produced on the land prior to the fire, the color of the soil and the price of hay. This testimony was objected to as irrelevant and immaterial, because the proper inquiry was as to the value of the land before and after the destruction of the meadow; but these inquiries were permitted by the court as a means of enabling the jury to get at said value. When witnesses were asked to testify directly regarding the value of the land before and after the fire, defendant's counsel objected to the testimony. We hold all the evidence received by the court, of which the foregoing is an illustration, was properly received as throwing light on the amount of damages according to the rule of measurement prescribed. The worth of the land with the meadow destroyed in comparison to its worth with the meadow flourishing, might depend somewhat on all the facts elicited.

The judgment is affirmed. All concur.