## SUNDMACHER et al., Respondents, v. LLOYD, Appellant.

**St. Louis Court of Appeals, February 9, 1909.**

1. **PLEADING: Denial of "New Matter."** A reply which denied the allegations of "new matter" contained in the answer and counterclaim without pointing out what said allegations were, was bad.

2. ————: ————: **Waiver.** Where a motion to strike out a reply and for judgment on the pleadings was overruled, the defendant waived any error committed by such overruling of the motion by going to trial upon the merits.

3. ————: **Answer: Plea of Payment.** In an action on a contract for doing certain excavating, where the answer alleged that the defendant had "fully paid and discharged all sums arising out of the claim made by plaintiffs therein, for excavating below grade lines," it was not a plea of payment but an ambiguous statement, and the defendant would not be entitled to judgment on motion for failure of the plaintiff in reply to deny the allegation.

4. **EVIDENCE: Parol Evidence to Vary Written Contract.** In an action on a building contract for balance due the builder, testimony that the plaintiff was relieved by the defendant from a portion of the work required by the specifications, was properly admitted; it was not an attempt to engraft an oral stipulation upon a written contract.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*H. A. & C. R. Hamilton* for appellant.

(1) A reply denying each and every allegation of "new matter" contained in the answer is insufficient and does not put in issue the matters of avoidance set forth in said answer. Long v. Long, 79 Mo. 644; Snyder v. Free, 114 Mo. 360; Young v. Schofield, 132 Mo. 650; Dezell v. Fidelity & Casualty Co., 176 Mo. 253;

Betz v. Telephone Co., 121 Mo. App. 473. (2) When the issues are changed by the filing of a pleading on the day of trial, the opposite party is entitled to a continuance upon filing an affidavit showing that he is not prepared to proceed to trial in consequence of the filing of such new pleading. R. S. 1899, sec. 688. (3) Parties cannot plead the breach of an express contract and then recover upon the proof of a different cause of action. If the action is upon a special contract, the plaintiff must recover upon proof of the contract as laid, or he cannot recover at all. Eyerman v. Cemetery Assn., 61 Mo. 489; Clements v. Yeats, 69 Mo. 623; Green v. Cole, 127 Mo. 587; Huston v. Tyler, 140 Mo. 252; McCormick v. Railway, 154 Mo. 191; Cole v. Armour, 154 Mo. 333; Raming v. Railway, 157 Mo. 477; Construction Co. v. Iron Works, 169 Mo. 137; Murphy v. Bedford, 18 Mo. App. 279; Hough v. Surety Co., 90 Mo. App. 475; Sundmacher v. Lloyd, 114 Mo. App. 317. (4) The modification of a contract cannot be shown unless such modification is pleaded. Lanitz v. King, 93 Mo. 519; Ray v. Bowles, 83 Mo. 166; Harrison v. Railroad, 50 Mo. App. 332; Hartman v. Lumber Co., 96 Mo. App. 288; Harrington v. Commission Co., 107 Mo. App. 418; Sundmacher v. Lloyd, 114 Mo. App. 321; Taussig v. Mill & Land Co., 124 Mo. App. 209; Zinc Co. v. Assurance Corporation, 125 Mo. App. 41.

*Stephen C. Rogers* for respondents.

The question of the insufficiency of the reply should not be considered by this court—defendant hazarded a trial on the petition and his counterclaim, as though a proper reply had been filed and lost—such speculation will not be allowed in a court of justice. Nelson v. Wallace, 48 Mo. App. 199; Holke v. Herman, 87 Mo. App. 132; Zongker v. Mercantile Co., 110 App. 386; Allen v. Aylor, 111 Mo. App. 257. He mistook his remedy in the first instance. Collins v. Trotter, 81 Mo.

279; Walker v. Insurance Co., 62 Mo. App. 216; Long v. Long, 79 Mo. 650. Defendant cannot complain of the court's ruling in refusing to strike out the reply— as he then made affidavit for continuance, and went to trial, when that was overruled. Walser v. Wear, 141 Mo. 462; Anderson v. Railroad, 129 Mo. App. 387; Grymes v. Mill and Lumber Co., 111 Mo. App. 362; Bank v. Crump, 116 Mo. App. 375. No reply was necessary to the second count in defendant's answer, as no new matter was pleaded, nor was confession and avoidance set out. Holzbauer v. Heine, 37 Mo. 443; Huber Mfg. Co. v. Hunter, 87 Mo. App. 50; State ex rel. v. Rau, 93 Mo. 130; Blatz v. Lester, 54 Mo. App. 285; Betz v. Telephone Co., 121 Mo. App. 478; Upham & Gorden v. Allen, 76 Mo. App. 206; State to use v. Williams, 48 Mo. 210; Jordan v. Buschmeyer, 97 Mo. 97; State ex rel. v. State Board of Health, 103 Mo. 26; State ex rel. v. Peterson, 142 Mo. 532.

GOODE, J.—This case was considered in the decision reported in 114 Missouri Appeal Reports, 217. After the remand an amended petition was filed in which the plaintiffs alleged in the first count the making of a contract with defendant, June 21, 1902, to do the excavating and grading for the William McKinley High School in the city of St. Louis, which defendant was to erect under contract with the board of education of said city, that plaintiffs agreed to do said excavating and grading according to the plans and specifications prepared for the board of education except the excavation below the grade lines for granitoid walks, and defendant agreed to pay plaintiffs for their work $6,000; that plaintiffs entered on the execution of the contract and performed all of it according to the plans and specifications, except such part as was not required to be done, and defendant accepted their work as satisfactory and paid them $5,700, leaving a balance of $300 due, which he had refused to pay. In the second count

another contract of date of October 10, 1903, is alleged
by which defendant employed plaintiffs to excavate be-
low the grade lines for granitoid walks on the lot where
the McKinley High School was to be erected; that
plaintiffs entered on the performance of their contract
for which defendant had agreed to pay $236.50, but
after the work was done defendant refused to pay said
sum or any part of it. To this petition defendant filed
the same answer he had filed to the original petition,
the substance of which is set out in the report of the
first appeal, but we need to state it here. The first
paragraph of the answer is a general denial of the state-
ments in the first count of the petition. The second
paragraph consists, firstly, of a general denial of the
averments in the second count of the petition and every
allegation and matter therein contained, and secondly,
of this averment: "Defendant says he has fully paid
and discharged all sums arising out of the claim made
by plaintiffs therein (i. e. in the second count of the
petition) for excavating below the grade lines for grani-
toid walks around said Wm. McKinley High School."
The third paragraph is a counterclaim for damages
sustained by defendant in consequence of plaintiffs hav-
ing failed to keep the two contracts declared on in the
two counts of the petition. These contracts are admit-
ted in the answer substantially as pleaded by plaintiffs
and it is averred plaintiffs entered on the performance
and did some work, but abandoned them before comple-
tion, and defendant had to complete them at an expense
of $572.50, for which judgment was asked. Defendant's
answer was filed out of time and later than it should
have been, and the record goes to show this circumstance
prevented plaintiffs' counsel from filing a reply until
the day of the trial; when one was filed denying each
and every allegation of the new matter contained in
the answer and counterclaim. Defendant moved to
strike out the reply and for judgment for plaintiffs
on the two causes of action set up in the petition, and

an interlocutory judgment in favor of defendant and against plaintiff on the counterclaim. The reason assigned for this motion was failure of the reply to deny specifically or generally the facts and matter set forth in defendant's answer and counterclaim. The motion was overruled and an exception saved, and thereupon an application for a continuance was made by defendant. The court continued the cause until October 29th, then overruled defendant's application for further continuance and a trial occurred. Evidence was introduced by both parties in support of their positions on the merits of the cause, instructions were given and a verdict for plaintiffs returned on the first count for $268.40, and on the second count for $290.42, and judgment having been rendered accordingly, this appeal was prosecuted.

The principal contention of error is the refusal of the court below to sustain defendant's motion to strike out the reply and for judgment on the pleadings. The reply was faulty in form because it denied the allegations of new matter contained in the answer and counterclaim without pointing out what said allegations were. [Betz v. Telephone Co., 121 Mo. App. 473; Young v. Schofield, 132 Mo. 650; Dezell v. Casualty Co., 176 Mo. 253.] Defendant did not stand on his motion, but went to trial on the merits of the cause, and must be held to have waived any error committed in overruling the motion unless the argument of his counsel against this general proposition should prevail. It is contended the second paragraph of the answer contained a plea of payment of the demand asserted in the second count of the petition, and defendant relied at the trial on this plea of payment as having been confessed, the reply being so defective as to constitute no denial of it; that defendant introduced no evidence in support of said plea, and therefore, was entitled to an order for a verdict in his favor on the second count of the petition and is now entitled to judgment *non obstante veredicto* on

said count; citing Dezell v. Casualty Co., supra. Admitting for argument's sake the so-called plea of payment in the second paragraph is consistent with the sweeping denial of every averment in the second paragraph of the petition, which is coupled with said plea, we ask whether there was, in truth, a plea of payment of plaintiffs' demand and whether it was relied on by defendant as confessed by the failure to deny it in a good reply. It will be observed the third paragraph of the answer, instead of counting on payment of the demand contained in the first count of the petition, pleads a counterclaim based on plaintiffs' alleged breach of both contracts; on the one declared on in the second count of the petition, as well as the one declared on in the first count. Moreover, the evidence of defendant himself refutes the idea that he was relying on his plea of payment of the demand alleged in the second paragraph of the petition; for he did not testify he had paid for the work done under the second contract, but, in effect, that the work was satisfactory and he was willing to pay for it, if plaintiffs would reimburse him for other work he had been compelled to have done in order to finish the first contract; work in the basement and grading around the outside of the building. Again, a scrutiny of the supposed plea of payment will reveal that, instead of being an averment defendant had paid plaintiffs their demand on account of their second contract, it merely says defendant had paid and discharged all sums arising out of the claim made by plaintiffs thereon for excavating below the grade lines for granitoid walks around the McKinley High School. This was no averment he had paid plaintiffs' demand as asserted in the second paragraph of the petition, but an ambiguous statement which may be interpreted to mean defendant had paid either the whole of plaintiffs' demand or had paid such sum as plaintiffs had earned. The allegation was not one which confessed judgment on the ground they had been paid. We would disregard the statute

which commands us not to reverse a judgment unless
error has been committed in prejudice of the appealing
party, were we to hold defendant was prejudiced by the
form of the reply. By going to trial on the merits he
waived that matter. [Nelson v. Wallace, 48 Mo. App.
193; Anderson v. Railroad, 129 Mo. App. 384.]

A witness named Wittler testified for plaintiffs
over defendant's objection, that Lloyd told plaintiffs,
or Wittler, who worked for them, to omit compliance
with the specifications requiring the top soil to be
removed and the placing of two piers at the bottom of
the sewer which was to be dug. This was the same evi-
dence held erroneous on the first appeal, and it is in-
sisted its admission at the second trial was contrary to
the decision then given. But it will be perceived on
reading the opinion of the court on the other appeal,
said evidence was received at the first trial to prove
it was orally agreed, before the contract between de-
fendant and plaintiffs was made, certain terms of the
specifications need not be complied with by plaintiffs.
Inasmuch as the written contract between plaintiffs
and Lloyd required plaintiffs to do the work called for
in the contract in accordance with the specifications,
we held an anterior oral agreement for the omission of
certain specifications was a variation of the later writ-
ten contract and incompetent. [Tracy v. Iron Works,
104 Mo. 193.] The testimony was received at the sec-
ond trial, not to prove the contract between plaintiffs
and Lloyd was other than on its face it purported to be,
but that in the progress of the work Lloyd notified
Wittler not to remove the soil or put in piers at the
bottom of the sewer. If defendant chose to relieve
plaintiffs of those portions of the work called for by
their contract, and to accept the job as completely per-
formed without them, he might do so. It is averred in
the amended petition filed after the cause was re-
manded, he relieved them from compliance with those
items of the specifications; and no doubt the averment

was inserted in order to declare on the contract as altered by the subsequent command of the defendant, as was right. [Lanitz v. King, 93 Mo. 513.]

For the reasons given on the last point, the court rightly gave an instruction requested by plaintiffs which authorized a recovery if plaintiffs had performed their contract according to Lloyd's direction, even if, by said direction, they omitted part of the specifications.

The judgment is affirmed. *Nortoni, J.,* concurs; *Reynolds, P. J.,* not sitting.