OZARK ORCHARD COMPANY AND F. A. WEN-ZEL, Appellants v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Respondent.

Springfield Court of Appeals, July 28, 1913.

1. **DAMAGES: Injury to Orchard by Fire: Evidence Admissible.** In an action against a railroad company for damages to an orchard by fire occasioned by the company, evidence which tends to show the cost of the orchard, the setting out and cultivating the trees to the age of the trees in the orchard, is admissible on the question of damages.

2. ———: ———: **Measure of Damages.** In an action against a railroad company for damages to an orchard by fire, the measure of damages is the difference between the value of the real estate before the damages to the trees and its value immediately after.

3. ———: ———: **Accessibility to Market.** Evidence as to the accessibility of the orchard land to the market is admissible in an action against a railroad company for damages by fire to an orchard, especially where expert evidence, extremely contraditory, was relied on to show the value of the land.

4. ———: ———: **Evidence.** In an action against a railroad company for damages by fire to an orchard, evidence as to the orchard land being cut up into small tracts was admissible on the question of the value of the land, when connected with proof that small tracts were more easily cared for than large ones and were more productive.

5. ———: ———: **Improper Evidence.** In such an action evidence was properly stricken out as to the value of each particular tree in the condition in which they were assumed to be by the plaintiff.

6. **INSTRUCTIONS: Conflict in: Error.** An instruction which conflicts with another instruction, which properly declares the law, is erroneous.

7. DAMAGES: Injury to Orchard by Fire: Evidence as to Future Production. In an action against a railroad company for injury to an orchard by fire, evidence as to the probable future life and production of the injured trees is admissible only for the purpose of determining the market value of the orchard land at the time of the fire.

8. INSTRUCTIONS: Evidence: Value of Land. In an action against a railroad company for damages by fire to an orchard, the court should instruct the jury, if requested that they should consider evidence as to the probable cost of restoring the orchard, not as the measure of damages, but only as one of the elements in arriving at the value of the land.

Appeal from McDonald County Circuit Court.—*Hon. Carr McNatt*, Judge.

REVERSED AND REMANDED.

*J. A. Sturges, R. M. Sheppard, E. C. Wright* and *Hugh Dabbs* for appellants.

(1) The court erred in refusing to allow plaintiffs to prove the cost of replacing the apple trees that were destroyed. Diggs v. Railroad, 131 Mo. App. 461; White v. Stoner, 18 Mo. App. 540; Muldrow v. Railroad, 62 Mo. App. 434; Doty v. Railroad, 136 Mo. App. 259; Shannon v. Railroad, 54 Mo. App. 226; Dwight v. Railroad, 132 N. Y. 199, 15 L. R. A. 612, 28 Am. St. 563; Sedgwick on Damages (New Ed.), sec. 933; Elliott on Railroads, sec. 1239; Bradley v. Railroad, 111 Iowa, 562, 82 N. W. 996; Thompson v. Railroad, 23 L. R. A. (N. S.) 310; Krejci v. Railroad, 117 Iowa, 344, 90 N. W. 708; Montgomery v. Locke, 72 Cal. 75; Mitchell v. Billingsley, 17 Ala. 391-3; Wallace v. Goodall, 18 N. H. 439-56; Sires v. Clark, 132 Mo. App. 541; Connor v. Railroad, 181 Mo. App. 419; Mathews v. Railroad, 142 Mo. App. 666. (2) The court erred in excluding testimony offered by plaintiffs to prove that the orchard burned was over near Goodman, a station on defendant's railroad with direct connection with and within

32 miles of Joplin, and 175 miles of Kansas City, large apple markets. Elliott on Railroads, sec. 1239, p. 549; Stanford v. Railroad, 12 Kan. 354, 15 Am. Rep. 362. (3) The court erred in refusing to allow plaintiff to prove by expert fruit men that the effect of cutting up large tracts of orchard into small tracts increased the value of the orchard per acre. (4) The court erred in permitting defendant's so-called experts to testify as to the value of the Wenzel tract before the fire with the apple trees thereon, these witnesses having admitted that they had never seen the land prior to the fire, and did not know its condition. Neudeck v. Grand Lodge, 61 Mo. App. 108; Riley v. Sparks, 52 Mo. App. 575; Witte v. Iron Works, 62 Mo. App. 375; State v. Dunn, 179 Mo. 95; Tingley v. Cowgill, 48 Mo. 291; Railroad v. Dawley, 50 Mo. App. 480; Tate v. Railroad, 64 Mo. 149; Cooley v. Railroad, 149 Mo. 487; 17 Cyc. 121, and note 33; 17 Cyc. 247, and note 28; Matthews v. Railroad, 142 Mo. 666. (5) The court erred in refusing to allow witness Plank and other witnesses to testify, as circumstances tending to show the amount of damage, how much an apple tree, fourteen years old as described by plaintiffs' witnesses, would add to the value of the land, and how much the burning of said tree would reduce the value of the land. Geiser v. Railroad, 68 Kan. 281; Lycan v. Railroad, 57 Kan. 635; 47 Pac. 526; 65 Kan. 792. (6) The court erred in giving instruction "A" asked by the defendant. Doty v. Railroad, 136 Mo. App. 259; Diggs v. Railroad, 131 Mo. App. 457; Matthews v. Railroad, 142 Mo. 666; Dwight v. Railroad, 132 N. Y. 199, 15 L. R. A. 612; Elliott on Railroads, sec. 1239, p. 549; Walsh v. Railroad, 11 Ind. 13, 38 N. E. 534; Burden v. Railroad, 14 Ind. 572, 43 N. E. 155; Young v. Railroad, 60 Tex. 201; 13 Cyc. 209; Hunt v. Railroad, 126 Mo. App. 267; Wiggins v. Railroad, 129 Mo. App. 370, 23 L. R. A. 315; 16 Cyc. 1134; Santa Ana v. Harlan, 34 Pac. 224; Foote v. Merrill, 54 N. H. 490; 20 Am. Rep. 151.

*Cyrus Crane, George J. Mersereau, Clay & Davis*
and *O. L. Cravens* for respondent.     .     .

(1)   The value added to the land by the trees is
properly shown by proof of actual present conditions,
worth and productiveness; and cost of regrowing trees
is not competent.   Chamberlain v. Light & Power Co.,
158 Mo. 18; Railroad v. Ins. Co., 142 S. W. 398; Rail-
way v. Davies, 78 Ill. App. 58; K. C. v. Frohwerk, 10
Kan. App. 120, 62 Pac. 432; Chamberlain v. Company,
158 Mo. 1; Express Co. v. Real Estate Co., 16 S. W.
792; Cooley v. Railroad, 149 Mo. 487; Graves v. Rail-
road, 69 Mo. App. 574; Mahoney v. Kansas City, 106
Mo. App. 39; State ex rel. Springer, 45 Mo. App. 252;
Carter v. Railroad, 128 Mo. App. 57; Adams v. Rail-
road, 139 Mo. App. 207.   (2)   The lower court did not
err in rejecting proof of other apple markets besides
Goodman.   (3)   It was not proper to show what could
result from cutting a large orchard into small tracts.
Railroad v. Abel, 18 Mo. App. 632.   (4)   No objection
in lower court by plaintiffs to what they now designate
as "so-called" experts testifying for defendant as to
damage.   Railroad v. Hunsley, 54 N. E. 1071.   (5)
The lower court did not refuse to permit plaintiffs to
ask witnesses how much an apple tree would add to the
land value; but even if it did, such evidence would
violate the rule in the Shannon case.   Shannon v. Rail-
road, 54 Mo. App. 223; Railway v. Haynes, 1 Kan.
App. 592.   (6)   There was no error in giving instruc-
tion No. A.

ROBERTSON, P. J.—This is an action based on
section 3151 Revised Statute 1909, to recover damages
to the land, consisting of about fifteen acres, known as
the Wenzel tract, belonging to the plaintiffs, by reason
of an alleged destruction of forty eight-year old and
two hundred and sixty-two fourteen-year old fruit trees
thereon by fire set out by defendant's locomotive.

The jury returned a verdict in favor of the plaintiffs for $225 on which judgment was rendered, and the plaintiffs have appealed, assigning as error the sustaining of objections to alleged proper testimony offered by them and the admitting of improper evidence in behalf of the defendant.

It is conceded by the parties that the rule for the measure of damages in this State in an action of this character is the difference between the value of the real estate before the damage to the trees and its value immediately thereafter.   The controversy here is on the method of ascertaining or proving the damages.

Plaintiffs' witness Goodman was asked the following question:   "You may state to the jury, Mr. Goodman, from your knowledge and experience as an orchard man, what it would cost to set out an orchard, cultivate it to the age that the trees in the bottom part of Mr. Wenzel's tract were at the time of the fire;" to which the defendant interposed the objection that it was "not competent or relevant, and not bearing on any issue in this case, and as not being competent on any issue.   It is not a measure of damages and don't tend to establish the measure of damages."   The court sustained the objection and the plaintiffs excepted and offered to prove that it would cost a given amount to replace the trees which would be a reasonable cost therefor, and that it would take fourteen years time to grow trees under ordinary conditions such as these trees; which offer was not made "as a measure of damages but as a circumstance and fact connected with the subject-matter of this case and which is necessary in order to get the entire situation as it is before the jury, to be considered by them in determining the damages."  To this offer the defendant objected, stating: "We submit that that is not the question in this case, being wholly collateral, nor does it tend to establish any proof sustaining any measure of damages that is applicable to this case.   The offer enters into the field of

speculation as to what the cost of growing trees and for caring for trees up to the age of the trees at the time they were burned, located on the land, and such evidence, if admitted, would only tend to establish the value of the tree. It is not competent to the measure of damages." The offer was excluded by the court and the plaintiffs excepted.

The same witness was asked: "You may state whether or not the Kansas City Southern Railway Company is connected with any points that furnish a market for apples," which was objected to by the defendant as "not furnishing any information bearing on any of the issues in this case." Upon which the court ruled as follows: "The value of the product there at Goodman might have something to do with it, if you want to prove what the value of the products were there at Goodman. The value of the trees were what the value of the fruit would be there at Goodman. It certainly won't be competent to show what connection it has. The objection is sustained." To which ruling the plaintiff excepted and thereupon offered to prove that the land was within about a mile of the town of Goodman, situated on the main line of the defendant's railroad, within thirty-two miles of Joplin, a good market town for apples, and within 175 miles of Kansas City, one of the best markets in the west, stating that the offer was "as a circumstance tending to show the price of apples and the value of the apple trees and other fruit to the land." Which offer was denied and the plaintiffs excepted.

Plaintiffs undertook to prove by witness Dolson what effect cutting a large tract that was planted to orchard up into small tracts, say, of five and ten acres, would have on the value of the land, to which the defendant objected and the court sustained the objection. Plaintiffs excepted and offered to show that such a method would add materially to the value of the land because of the better care and cultivation and attention

that would be given the orchard when owned by individuals in small tracts, which offer the court denied and the plaintiffs excepted.

At the close of all the testimony the court gave five instructions in behalf of the plaintiffs and three instructions in behalf of the defendant. The following instruction "A" given in behalf of the defendant, over the objection of the plaintiffs, is complained of by them:

"In determining the question of damages, if you should find from the evidence that there was any damage done to the land in question by the fire, the court instructs you that you cannot take into consideration future or speculative value thereof touching what might be produced in the way of apples thereon."

The plaintiff also assigned as error that this instruction is in irreconcilable conflict with instruction No. 5 given in their behalf, reading as follows:

"You are instructed that evidence of the probable future life and production of the trees on plaintiffs' land that were injured, if any, may be considered by you only for the purpose of determining the market value of plaintiffs' land at the time of the fire."

A large number of witnesses testified in behalf of plaintiffs that the diminution of the value of plaintiffs' land was something like two hundred to two hundred and fifty dollars per acre. Numerous witnesses offered by the defendant testified that there was no depreciation, except two, one placing it at ten dollars per acre and the other at about twenty-five dollars per acre.

The principal question involved in the consideration of this case is as to the admissibility of testimony tending to prove the cost of the orchard. Appellants claim nothing more for such testimony than that it may serve as a guide in arriving at the correct damages. We think the contention of appellants in this regard is sustained by reason and the controlling decisions in this State. [Muldrow v. M. K. & T. Ry. Co., 62 Mo.

App. 431, 434; Wiggins v. Railroad, 129 Mo. App. 369, 370 108 S. W. 574; Diggs v. Railroad, 131 Mo. App. 457, 461, and 462, 110 S. W. 9; Sires v. Clark, 132 Mo. App. 537, 541, 112 S. W. 526; Matthews v. Mo. Pac. Ry. Co., 142 Mo. 645, 666, 44 S. W. 802; Conner v. Mo. Pac. Ry. Co., 181 Mo. 397, 419, 81 S. W. 145.] The opinions in the above cases we think are a sufficient justification for holding, as we do, that the court erred in refusing to admit the testimony offered by plaintiffs to aid the jury in determining the damages, and of which complaint is made here.

The respondent insists as to the Muldrow case, supra, that it is authority for the introduction of testimony of this character *only* after an exaggeration of, or inconsistencies in, values have entered into a case, but, while that point does not appeal to us, it cannot be applied to this case as plaintiffs renewed their attempt to elicit the same character of testimony from the defendant's witnesses after a great discrepancy became apparent in the testimony of the witnesses on the question of the value of the premises before and after the fire. The case at bar demonstrates the wisdom of the rule announced in the above cases. Here we have the conflicting opinions of experts varying two and three hundred dollars per acre and yet the respondent contends that the lower court, by refusing to hear this excluded testimony, remained out of "the field of conjuecture and speculation." This case is of necessity, on the question of value, speculative throughout and incapable of a demonstration to a certainty.

The court erred in refusing to allow plaintiffs to offer their testimony as to the accessibility of their land to the market. Although no authorities are cited for or against the proposition, it is a matter of general knowledge that such questions are the first to enter the mind of a person considering the value and production of any tract of land, and we think that where the principal evidence relied on, as in this case, is expert, and

that extremely conflicting, the testimony should have been admitted as an aid to the jury.

The offer of testimony as to cutting the land up into small tracts should have been admitted as it was stated in the offer that it would be proven that small tracts are usually more effectively cared for and become more productive than larger tracts, and if such were true it would throw some light on the situation.

On cross-examination of witness Stewart, who was the first witness offered by the defendant, plaintiffs undertook to prove by him the value of each particular tree in the condition in which they were assumed by plaintiffs to be and the witness testified that he thought the trees would be worth ten dollars apiece. This upon motion of the defendant was properly stricken out.

From what has been stated above, it is evident that we hold the trial court erred in giving defendant's instruction "A", as it is in conflict with plaintiffs' instruction numbered 5, which properly declares the law.

It is unnecessary in this opinion to further discuss in detail every objection urged here and every argument advanced but what has already been said will necessarily dispose of them.

In view of the admissibility of the evidence showing the probable cost of restoring the orchard, the court on retrial should, if requested, as was done in a limited way by the plaintiffs' instruction, No. 5, caution the jury, by such other instruction, that such evidence is to be considered by them only as one of the elements in arriving at what the value of the land is and is not to be considered by them as the measure of damages. It may be shown that it would cost a great deal to reproduce an orchard and after it is reproduced such orchard may be of little value, as

some witnesses in the former trial testified and, hence, would add but little, if any, to the value of the land.

For the errors above noted and those coming in the same category and not discussed, the judgment of the trial court is reversed and said cause remanded. *Sturgis, J.,* concurs. *Farrington, J.,* concurs in result.