JOSEPH S. KERBY, RESPONDENT, v. THE PRAIRIE PIPE LINE COMPANY, APPELLANT.*

Kansas City Court of Appeals. April 2, 1928.

*Corpus Juris-Cyc References: Pleading, 31Cyc, p. 702, n. 28; Trespass, 38Cyc, p. 996, n. 16; p. 1078, n. 85; p. 1079, n. 92; p. 1115, n. 4; p. 1121, n. 65; p. 1124, n. 94; p. 1154, n. 93; p. 1155, n. 10.

C. G. Buster for respondent.

T. J. Flannelly, Paul B. Mason, Waldo Edwards and S. J. and G. C. Jones for appellant.

FRANK, C.—Action to recover damages to real estate. The petition was in two counts. A demurrer to the evidence as to the second count was sustained by the trial court. Plaintiff recovered judgment on the first count and defendant appealed.

Defendant is a corporation, engaged in the business of transporting crude oil from the oil fields in Kansas, Oklahoma and Texas to its refineries in the State of Indiana. This oil is transported by means of pipes laid beneath the surface of the ground. Defendant's pipe lines cross the State of Missouri, and among others runs through the county of Macon in said State.

Plaintiff owned a farm of one hundred and ten acres in Macon county, located about one-fourth mile from defendant's pipe line. A stream known as Clear Creek runs through and along the south side of plaintiff's farm.

In July, 1926, defendant's pipe line broke and large quantities of crude oil escaped from said pipes into Clear Creek which runs through the south side of plaintiff's land for a distance of about one hundred forty rods. Defendant's employees, without the knowledge or consent of plaintiff, went upon plaintiff's land, constructed dams, five in number, across Clear Creek, dug holes or pits on the banks of the creek, and by this means collected the crude oil in pools on plain-

tiff's land. After thus collecting the oil in pools, defendant set fire to it. The flames from the burning oil burned and destroyed the trees, brush, grass and other vegetation on and near the banks of the creek and charred and burned the banks of the stream. Prior to the burning of this oil, Clear Creek was ten or twelve feet wide and three or four feet deep. Plaintiff testified that since the fire the banks of the creek have caved and the stream has washed wider and deeper the entire distance of one hundred forty rods through his farm except in a few places. One witness testified that the banks of the creek had been lowered two and one-half feet in some places. Another witness testified that since the fire, the creek bank at two places is only eighteen inches high and at some places the stream is twenty feet wider than it was before the fire; that since the fire the water has made two breaks in the north bank about eighty feet in length.

Plaintiff testified that prior to the burning of the oil a real heavy rain or cloud-burst would cause Clear Creek to overflow, but the overflows were much worse since the burning of the oil and the washing and caving of the banks of the creek. This creek was not a running stream except during rainy seasons. The evidence shows that a quantity of oil remained in the sand in the bed of the creek after the fire. Plaintiff testified that rains caused the creek to overflow and carry this sand and oil out of the banks of the creek and destroyed one acre of growing corn and three acres of timothy hay.

There was evidence that by reason of said fire the market value of plaintiff's land was reduced $1000.

Appellant's first contention is that its demurrer to the evidence should have been sustained because the evidence failed to prove any of the acts of negligence alleged in the petition.

The charging part of the petition reads as follows:

"Plaintiff further states that on or about the 27th day of July, 1926, and for several months prior thereto, the Prairie Pipe Line Company, defendant herein, so carelessly, negligently and recklessly operated its said pipe line and so carelessly, negligently and recklessly operated its business of transporting crude oil through said pipe line that said pipe line, at a point where the same crosses the aforesaid watercourse, was carelessly, negligently and recklessly allowed to burst and break and that the oil being transported through said line was carelessly, negligently and recklessly allowed to escape from said pipe line and flow into said watercourse and down through, across and over the premises of the plaintiff; that said oil was carelessly, negligently and recklessly allowed, by the defendant, to overflow along said watercourse and upon plaintiff's premises for a distance of approximately one hundred and forty (140) rods and to spread out and scatter over the lands of the plaintiff adjacent to said watercourse. . . .

"Plaintiff further states that immediately after said oil was allowed to overflow, over and upon plaintiff's premises, the agents, servants and employees of said defendant, without the knowledge of the plaintiff or his consent thereto and wilfully without his knowledge and consent trespassed and entered upon the premises of plaintiff and built and constructed four dams across said Clear Fork and blocked, collected and assembled, in said stream and watercourse running through the premises of plaintiff, large pools of crude oil and restrained the same from flowing along said stream but banked up and dammed said watercourse so that said oil escaped from said watercourse over and across the lands of said plaintiff.

"Plaintiff further states that the oil, hereinbefore described, is highly inflammable and that by reason of the defendant's, by its servants, agents and employees, negligent, careless and reckless conduct and acts of permitting the oil to flow upon the plaintiff premises, set fire thereto and that by reason of the heat and fire the timber, grass and vegetation along said stream was burned and killed and the soil was burned and the usefulness and fertility of it was destroyed and said banks of said stream have been made soft and the protection holding said banks has washed and sloughed off and said ditch and stream has washed and enlarged all of the distance along and over plaintiff's premises; said grass, trees and vegetation has been totally destroyed and the said premises have been permanently damaged.

"Plaintiff further states that by reason of the oil escaping out of said ditch and over the premises of the plaintiff there was destroyed two acres of growing corn. Plaintiff states that by reason of the careless, negligent, reckless and wilful acts of the defendant, its agents, servants and employees, in allowing said oil to negligently escape, run down, over and across the premises of the plaintiff and in the damming of said stream and the burning of said oil and the burning of said timber, grass and vegetation along said watercourse and in the washing and permanent injury to said plaintiff's premises and to his growing corn, he has been damaged in the sum of one thousand ($1000) dollars."

It is true that the petition does charge specific acts of negligence. It is also true that the evidence does not tend to prove the negligence alleged in the petition, but plaintiff should not be denied a recovery on that ground, because, as we view the petition, it states a cause of action in trespass, of which negligence is not a necessary element.

"Every unauthorized entry on land of another is a trespass, even if no damage is done, or the injury is slight." [38 Cyc. 996.]

The petition in this case alleges that plaintiff was the owner of and in possession of the land in question; that defendant without the knowledge or consent of plaintiff, wilfully trespassed and entered

upon the premises of plaintiff and constructed four dams across the stream on said premises and thereby collected large pools of crude oil in said stream and set fire to and burned said oil. The petition then alleges the facts showing the damages to the premises caused by said fire.

Although the breaking of defendant's pipe, and the escaping of the oil therefrom onto plaintiff's land was not shown to have been due to or caused by the negligence of defendant, yet, after the oil was on plaintiff's land, defendant had no lawful right to enter upon plaintiff's premises, without his knowledge or consent, and collect the oil in pools and burn it. Appellant, however, strenuously insists that the act of defendant in entering upon plaintiff's premises and collecting and burning the oil thereon was charged to have been negligently done, and as there is no proof that these acts were done in a negligent manner, plaintiff is not entitled to recover.

We are not impressed with this contention. If the act of defendant in entering upon plaintiff's premises and collecting and burning oil thereon was unlawful and amounted to a trespass, the manner in which it was done or the fact that it was alleged to have been negligently done is wholly immaterial.

A kindred question was before this court in Betz v. Telephone Company, 121 Mo. App. 473. Plaintiff, Betz sued defendant for damages for the alleged wrongful act of defendant in destroying a certain shade tree. The petition alleged that defendant unlawfully cut off the top of said tree, and did the same in such a careless and negligent manner as to cause the tree to die. In disposing of the case, this court, among other things, said:

"The petition not only charges that defendant unlawfully cut the tree, but that the act was done in such a careless manner as to cause its death. The latter allegation is immaterial and superfluous if the act of cutting the tree was unlawful. If the act had been lawful then the manner in which it had been done would be material. In the latter instance the right to recover would be predicated upon the negligent manner of doing a lawful act."

The rule is announced in 38 Cyc. 1078, 1079, as follows:

"The substance of the complaint is looked to, and if the cause of action stated in the declaration is a trespass it will be treated as such, although in form it is another action; or if it contains the necessary allegations in trespass and lacks some of those necessary to the other cause of action; or contains allegations of another cause of action badly pleaded, or well pleaded but the proof if insufficient to support it yet is sufficient for trespass."

The alleged acts of defendant in entering upon plaintiff's land and collecting and burning oil thereon, without the knowledge or consent of plaintiff, states a case in trespass. The allegation that these acts were negligently done is immaterial and may be regarded as sur-

plusage. Plaintiff was not required to either plead or prove that the acts constituting the trespass were performed in a negligent manner. The fact that a petition states that acts constituting a trespass were performed in a negligent manner does not convert the action to one sounding in negligence or require the plaintiff to prove that the acts were performed in a negligent manner in order to recover damages for the alleged trespass. [Betz v. Telephone Company, supra.]

The cases cited by appellant on this point announce the universally accepted doctrine that where a case is based on negligence, the negligence must be proved as alleged. These cases are not in point here for reasons heretofore stated.

The demurrer to the evidence was properly overruled.

The next contention is that the court erred in giving instructions 1a, 2a and 3a at the request of plaintiff.

Instruction No. 1 reads as follows:

"The Court instructs the jury, on the first count of plaintiff's petition, that if you believe and find from the evidence that the defendant by its servants, dammed and collected the oil in said stream and set the same on fire and burned the oil and damaged the plaintiff's property thereby it is your duty to find for the plaintiff in such a sum as you believe plaintiff has been damaged, not to exceed the sum of $1000, sued for in the plaintiff's petition."

The objection lodged against instructions 1a and 2a are that they did not require the jury to find that the alleged acts of defendant were negligently committed. We have heretofore determined that it was not necessary for plaintiff to either allege or prove that the acts of defendant were negligently committed for reasons already stated which we will not repeat here. We therefore rule these objections against appellant.

The objection made to instruction 3a is that it did not furnish the jury the correct measure of damages. This instruction told the jury that if it found the things therein hypothesized the finding should be for the plaintiff in such sum as it found plaintiff's farm had been damaged for the purpose for which it was used, not to exceed $1000. This is not the correct measure of damages. The measure of damages is the difference between the market value immediately before and its market value immediately after the fire. [Ritchie v. State Board of Agriculture, 266 S. W. 492 l. c. 495; Doty v. Railroad, 136 Mo. App. 254; Wiggins v. Railroad, 129 Mo. App. 369; Coffman v. Saline, 183 Mo. App. 622.]

Instruction 3a submitted an incorrect measure of damages and for that reason was erroneous.

The next and last contention of appellant is that the court erred in refusing its requested instructions "F," "G," "H" and "I" for the reason that there was no evidence of an actual trespass and for

the further reason that all acts of defendant were done with the full knowledge of plaintiff and without objection.

We do not so regard the evidence. It is not disputed that defendant entered upon plaintiff's land and collected and burned the oil thereon. Plaintiff testified that when he first discovered the oil, the dams had already been constructed and the oil collected in pools. On that same evening he discovered the oil burning.

He testified that he did not give defendant consent to go on his place or construct dams thereon. There is no evidence that plaintiff knew that defendant intended to burn the oil after it had been collected.

We rule this contention against appellant.

For the error noted in the giving of plaintiff's instruction 3a, the judgment is reversed and cause remanded. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.