JOSEPH S. KERBY, APPELLANT, v. THE PRAIRIE PIPE LINE CO., RESPONDENT.—11 S. W. (2d) 758.

Kansas City Court of Appeals.   December 17, 1928.

*C. G. Buster* for appellant.

*T. J. Flannelly, Paul B. Mason, Waldo Edwards* and *S. J. & G. C. Jones* for respondent.

BLAND, J.—This is an action for damages to plaintiff's cattle. At the close of plaintiff's case the court instructed the jury to find for defendant and the jury so found.  Judgment having been entered for defendant, plaintiff has appealed.

The facts show that plaintiff owns 110 acres of land in Macon County through which a stream, known as Clear Fork, traverses for a distance of 140 rods.  Defendant is a corporation engaged in the transportation of crude petroleum through a pipe line across Macon County.  About a mile west of plaintiff's farm and near the origin of Clear Fork, defendant's pipe line crosses said creek.  On July 27, 1926, the pipe line, at a point about where it crosses Clear Fork, burst and oil therefrom escaped in large quantities, flowing down Clear Fork to plaintiff's land and thence through his land in said creek.  The evidence shows that if said oil had been left to its natural

flow, it would have passed through plaintiff's farm. However, after the pipe burst defendant's servants entered the farm of plaintiff, without his knowledge and consent, and built dams across the stream which caused pools of oil to be collected. Defendant's servants then set fire to the oil in an attempt to eliminate it. These efforts continued for a period of two or three weeks. During that time the banks and bottom of the stream were thoroughly saturated with the oil. The fire consumed a part of the oil but a large amount of it was left, together with slag from the burning process. Defendant's servants then dug large pits and holes in the banks of the stream and filled the same with crude oil and slag and then placed sand and dirt over the same.

In December, 1926, plaintiff turned his cattle into the field through which the creek flowed and it was claimed by plaintiff at the trial that by reason of the stock having drunk the water from the stream, which the evidence shows was contaminated by the oil, they were damaged, their milk fell off, and he was required to remove the cattle from the pasture.

The petition was in two counts; the first count was for damages to the realty and apparently the two counts were tried separately and separate judgments entered on each count. Plaintiff recovered a judgment on the first count and defendant appealed. [See Kerby v. Prairie Pipe Line Co., 4 S. W. (2d) 857.] This court held in that case that the petition was sufficiently broad to contain an allegation of trespass. The petition in the case at bar is founded solely upon negligence. It is alleged therein that defendant negligently permitted the pipe line to burst and break and oil to escape therefrom and to flow into the watercourse down and through plaintiff's premises; that the oil was carelessly and negligently allowed by defendant to overflow along said watercourse and upon plaintiff's premises for a distance of 140 rods. There was no testimony whatever tending to support the charge of negligence contained in the petition, and the court properly sustained defendant's demurrer to the evidence.

It is claimed by plaintiff that the court erred in sustaining the demurrer because, in effect, the court held "that there was no trespass upon plaintiff's premises and in the burying of the oil in the banks of the stream, thus polluting the water from which plaintiff's cattle afterwards became poisoned, sick and diseased." However, as before stated, the petition is not grounded upon trespass but on negligence.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.